## Gibbons v. Hahnemann Medical College and Hospital

*Norman Perlberger*, for plaintiff.

*Barton L. Post* and *James Lewis Griffin*, for defendant.

FRANKSTON, *Administrator*, April 28, 1980 —By letter dated February 21, 1980, counsel for defendant Pitone requested production of a "narrative" (apparently prepared by plaintiff) which was mentioned by plaintiff in her answers to certain

interrogatories. A copy of the letter was sent to all counsel, but it was not filed with this office. On April 14, 1980 said defendant filed a motion for sanctions seeking to compel production of the "narrative."

On April 21, 1980 plaintiffs answered the motion contending that: (1) Pa.R.C.P. 4009 requires a formal request for production as a prerequisite to filing a motion to compel production; (2) the request must be filed with this office to be operative; (3) where no formal request is filed, no duty arises under Pa.R.C.P. 4009 to respond or object within 30 days; and (4) in any event, the "narrative" is not discoverable since it was prepared by plaintiff at the request of plaintiff's counsel.

Pa.R.C.P. 4009(a) provides that "[a]ny party may serve on any other party a request (1) to produce . . . designated documents. . . ." There is no requirement that a formal paper entitled "Request for Production of Documents" be served. "A simple *written* request . . . is sufficient." Explanatory Note to Pa.R.C.P. 4009. (Emphasis supplied.) However, we do encourage the use of formal requests as the means best calculated to put the party served on notice that production of documents is sought.

The rule and explanatory notes are silent as to whether the written request must be filed with this office to be operative. We note that the rules no longer require interrogatories to be filed with the court at the time of service and conclude by analogy that Pa.R.C.P. 4009 imposes no filing requirement. However, we encourage the filing of the original or a copy of the request at the time it is served to avoid disputes concerning the date of service, the contents of the request and the timeliness of any objections thereto. Further, unless the request is on

file or is submitted contemporaneously, any motion to compel production of documents would be dismissed as procedurally untimely.

Inasmuch as we have not previously addressed the instant issues, and since the applicability of Pa.R.C.P. 4009 to an unfiled letter is not clear, we believe plaintiff should be afforded an additional period of time to file objections. We note that said objections must be specific and that the burden of proof lies with the party seeking to prevent discovery. Accordingly, we enter the following

### ORDER

And now, April 28, 1980, it is hereby ordered and decreed that plaintiff's objections to defendant Pitone's written request for documents shall be filed within ten days from the date this order is certified from the record. Said defendant may respond thereto 20 days from the date this order is certified from the record.